IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             No. 1:08-cr-10038-JDB-1

EDWARD THARPE,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
_____

On July 9, 2009, the Defendant, Edward Tharpe, was sentenced to 327 months' imprisonment, to be followed by five years of supervised release, upon a guilty plea to bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and to using a firearm during and in relation to a crime of violence, in contravention of 18 U.S.C. § 924(c)(1)(2). (Docket Entry ("D.E.") 97.) He is currently incarcerated in Bureau of Prisons ("BOP") custody and has a projected release date of November 6, 2033. https://www.bop.gov/inmateloc/ (last visited July 21, 2020). Before the Court is his July 13, 2020, pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the ongoing COVID-19 pandemic. (D.E. 181.)

Since March, when the World Health Organization declared it a global pandemic, COVID-19 has infected millions worldwide and killed over 600,000. *See* https://www.who.int/docs/default-source/coronaviruse/situation-reports/20200121-sitrep-1-2019-ncov.pdf?sfvrsn=20a99c10_4 (last visited July 15, 2020); https://www.who.int/docs/default-source/coronaviruse/situation-reports/20200720-covid-19-sitrep-182.pdf?sfvrsn=60aabc5c_2 (last visited July 21, 2020). As of this date, ninety-eight inmates and one staff member have

1

perished at BOP facilities nationwide. https://www.bop.gov/coronavirus/ (last visited July 22, 2020). Understandably, the pandemic has raised alarm bells throughout the United States' federal prison population, prompting a flood of motions for release filed on behalf of the unwilling residents of these institutions, where life in close quarters is the norm.

Section 3582(c)(1)(A) provides in pertinent part that

> [t]he court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

18 U.S.C. § 3582(c)(1)(A). The statute's exhaustion requirement is a "mandatory condition." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). It is the burden of a defendant to demonstrate that he has exhausted his administrative remedies and is entitled to compassionate release. *United States v. McDonald*, No. 94-cr-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020).

Tharpe has attached to his motion an "Inmate Request to Staff" dated May 18, 2020, in which he sought compassionate release. (D.E. 181 at PageID 565-67.) There is no indication in the record that the warden responded within thirty days. Accordingly, the Court assumes Defendant has exhausted his administrative remedies and will move on to address the merits of the compassionate release request.

In 28 U.S.C. § 994(t), Congress assigned to the United States Sentencing Commission the duty, in "promulgating general policy statements regarding the sentencing modification provisions in [§ 3582(c)(1)(A)]," to "describe what should be considered extraordinary and compelling

reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *see also United States v. Medlin*, No. 3:09-cr-00204, 2020 WL 4016427, at *2 (M.D. Tenn. July 15, 2020)). That policy statement is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *United States v. Thomas*, No. 3:18-CR-006, 2020 WL 3965972, at *2 (E.D. Tenn. July 13, 2020); *United States v. Foster*, Criminal Case No. 12-20218, 2020 WL 3893087, at *2 (E.D. Mich. July 10, 2020).

The policy statement requires the court to make certain findings: whether "[e]xtraordinary and compelling reasons warrant the reduction"; whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and whether any reduction in sentence is consistent with the policy statement. U.S.S.G. § 1B1.13. The court must also "consider[] the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." *Id.*

The Application Notes to § 1B1.13 provide that extraordinary and compelling reasons exist under any of the following circumstances[1]:

(A)  Medical Condition of the Defendant.

    (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

---

[1] "While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Tolbert*, No. 3:08-CR-142-CRS, 2020 WL 3964752, at *3 n.5 (W.D. Ky. July 13, 2020); *Thomas*, 2020 WL 3965972, at *2. "There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the [c]ourt should consider." *Tolbert*, 2020 WL 3964752, at *3 n.5 (citing *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019)).

        (ii)      The defendant is--

                (I)      suffering from a serious physical or mental condition,

                (II)     suffering from a serious functional or cognitive impairment, or

                (III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)      Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)      Family Circumstances.

        (i)       The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii)      The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)      Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*Id.* (Application Note 1).

      Tharpe, who is sixty-one years old, has provided no medical records or identified any circumstance or health condition that would constitute an "extraordinary and compelling reason" for compassionate release. Rather, his submissions exhibit a generalized fear of contracting the disease, which does not amount to an extraordinary and compelling reason under the policy statement and, therefore, is insufficient to entitle an inmate to compassionate release under §

4

3582(c)(1)(A). *See United States v. Fata*, Case No. 13-cr-20600, 2020 WL 3888043, at *7 (E.D. Mich. July 10, 2020) (defendant's "generalization regarding COVID-19 in the federal prison system generally and his speculation that he 'could' contract the virus and that the virus 'could' jeopardize his health fails to satisfy § 1B1.13's criteria"); *United States v. Peaks*, Case No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) ("generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission"); *United States v. Beck*, Case No. 2:07-CR-213, 2020 WL 3895796, at *4-5 (S.D. Ohio Apr. 21, 2020) (generalized risks of COVID-19 in the compact conditions of prison confinement are "by no means extraordinary" and do not justify a reduction in sentence), *recons. denied*, 2020 WL 3893612 (S.D. Ohio July 10, 2020), *recons. denied*, 2020 WL 3893612 (S.D. Ohio July 10, 2020). As one district court has articulated:

> The Court stresses that the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person. The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner.

*United States v. Wright*, Criminal Action No. 16-214-04, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020); *accord United States v. Alqsous*, Case No. 1:16-cr-329-2, 2020 WL 3402861, at *5 (N.D. Ohio June 19, 2020) (citing *Wright*).

As the Defendant has failed to bear his burden of showing extraordinary and compelling reasons for compassionate release, his § 3582(c)(1)(A) request must be denied.[2]

---

[2] Based on its conclusion that extraordinary and compelling reasons have not been shown, the Court deems it unnecessary to analyze the remaining requirements for entitlement to compassionate release.

Tharpe also makes reference to home confinement. To the extent he is seeking an order from this Court directing the BOP to transfer him to home confinement, the Court has no authority to do so. *See United States v. Jalili,* 925 F.2d 889, 894 (6th Cir. 1991) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government . . . and is delegated to the [BOP]."); *United States v. Justice*, No. 3:14-CR-103 REEVES/GUYTON, 2020 WL 2748044, at *1-2 (E.D. Tenn. May 27, 2020) (even after passage of the Coronavirus Aid, Relief, and Economic Security Act, § 12003(b)(2), Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020), decision-making authority with respect to placement of prisoners in home confinement remains solely within the discretion of the Attorney General and the BOP).

Finally, Defendant requests appointment of counsel in this matter. However, a prisoner has no constitutional or statutory right to counsel in a § 3582(c) proceeding. *See United States v. Dorsey*, No. 3:11-CR-77-TAV-HBG, 2020 WL 3977612, at *3 (E.D. Tenn. July 14, 2020). Accordingly, his request for appointment of counsel is DENIED.

For the reasons set forth herein, the Defendant's motion is DENIED.

IT IS SO ORDERED this 22nd day of July 2020.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE